UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MASON HARRIS,**

   **Relator,**

 v.             Case No.: 2:16-CV-30
                 JUDGE SMITH
                 Magistrate Judge Deavers

**FEDERAL BUREAU OF INVESTIGATION,**

   **Respondent.**

**OPINION AND ORDER**

This matter is before the Court upon Respondent Federal Bureau of Investigation's ("Respondent" or "FBI" ) Motion to Dismiss for lack of subject matter jurisdiction or, in the alternative, failure to state a claim (the "Motion") (Doc. 7). The Motion is ripe for review. For the reasons that follow, Respondent's Motion to Dismiss is **GRANTED**.

**I. BACKGROUND**

Relator Mason Harris ("Relator" or "Mr. Harris") initiated this case by filing a Complaint for writ of mandamus ("Complaint") in the Supreme Court of Ohio on December 14, 2015. (Doc. 3). The FBI removed this action to this Court on January 13, 2016. (Doc. 1).

The Complaint, which Relator filed *pro se*, urges the Court to compel the FBI to conduct an investigation of certain correctional officers. Relator alleges that on September 14, 2015, he mailed a letter to the FBI urging it to provide "legal/law enforcement assistance" against certain correctional officers named in one of Relator's civil suits. (Doc. 3, Compl. at 1). Relator claims that his request for legal assistance spurred no response from the FBI. (*Id.* at 2). More specifically, Relator alleges that Respondent has failed to inform him that an investigation is

ongoing, or that an investigation and indictment of certain correctional officers has concluded. (*Id*). As a result, Relator urges the Court to issue a writ of mandamus instructing the FBI to investigate and indict certain correctional officers. (*Id*).

Respondent has moved to dismiss the Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure on the grounds that the Court lacks jurisdiction over the present action because Relator's claims are barred by the sovereign immunity doctrine of the United States, and the Writ fails to state a claim upon which relief can be granted.

## II.  STANDARDS OF REVIEW

Rule 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. Under the Federal Rules of Civil Procedure, "[p]laintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion . . . ." *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (Rubin, J.) (citing *Moir v. Greater Cleveland Reg' Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)); *see also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (Rice, C.J.) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction." (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986))).

Motions under Rule 12(b)(1) generally come in two varieties, either facial or factual attacks on the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on the subject matter jurisdiction alleged by a complaint merely questions the sufficiency of the pleading. *Id*. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, a similar safeguard employed under Rule 12(b)(6) motions to dismiss. *Id*. On the other hand, when a court reviews a complaint under a factual attack, no presumptive

truthfulness applies to the factual allegations. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *see also Nat'l Ass'n of Minority Contractors v. Martinez*, 248 F. Supp. 2d 679, 681 (S.D. Ohio 2002) (Rice, C.J.). As a result, this Court may weigh the evidence and resolve any factual disputes when adjudicating such a jurisdictional challenge. *Ritchie*, 15 F.3d at 598 (citing *Moir*, 895 F.2d at 269).

Finally, "[w]hen a defendant seeks dismissal pursuant to both Rules 12(b)(1) and 12(b)(6), the 12(b)(1) motion must be considered first because the 12(b)(6) motion will become moot if the Court lacks subject matter jurisdiction and, as a result, grants the 12(b)(1) motion. *Fonov v. Gonzales*, No. C-3-07-207, 2007 WL 2815451, at *2 (S.D. Ohio Sept. 25, 2007) (Rose, J.) (citing *Moir*, 895 F. 2d at 269)).

### III. DISCUSSION

Respondent argues that this action should be dismissed for lack of subject matter jurisdiction because there is no waiver of sovereign immunity that makes Respondent—a federal agency—subject to a writ of mandamus from a state court. The Court agrees.

The United States and its agencies are immune from suit under the doctrine of sovereign immunity with the exception of cases where the United States has expressly waived this right. *United States v. Testan*, 424 U.S. 392, 399 (1976). "A waiver of sovereign immunity cannot be implied but must unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Waivers of sovereign immunity are "strictly construed" in favor of the government. *See United States v. Idaho*, 508 U.S. 1, 6–7 (1993); *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992); *United States v. King*, 395 U.S. 1, 4 (1969). The party bringing a suit against the United States has the burden of identifying a waiver of sovereign immunity. *Reetz v. U.S.*, 224 F.3d 794, 795 (6th Cir. 2000).

The derivative jurisdiction doctrine holds that if the state court where an action is filed lacks subject matter jurisdiction, the federal court, upon removal, also lacks subject matter jurisdiction. *Minnesota v. United States*, 305 U.S. 382, 389 (1939); *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922); *Ohio v. Smith*, No. 2:06–cv–1022, 2007 WL 1114252 (S.D. Ohio April 12, 2007) (Marbley, J.) (dismissing plaintiff's petition for writ of mandamus initially filed in the Ohio Supreme Court and removed under 28 U.S.C. § 1442).  The derivative jurisdiction doctrine is based on the general notion that removal jurisdiction is "purely derivative*.*" *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981).  Stated in other words, "the derivative jurisdiction doctrine applies to cases removed under 28 U.S.C. § 1442 even if the district court would have had jurisdiction if the plaintiff had originally filed his action there." *Waters v. F.B.I.*, No. 11-CV-17, 2011 WL 1575602, at *2 (S.D. Ohio Apr. 26, 2011) (Frost, J.).

In the present case, Relator has failed to allege or even suggest that the FBI waived its sovereign immunity. Relator simply alleges that he requested legal assistance and did not receive any relief thereafter. Relator fails to acknowledge the existence of the sovereign immunity doctrine, and, as a result, Relator fails to meet his burden of identifying Respondent waived its immunity. Accordingly, the Motion is well-taken and Relator's Complaint is hereby **DISMISSED** for lack of subject matter jurisdiction.

Because the Court has dismissed this action for lack of jurisdiction, there is no need to address Respondent's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

As set forth above, Relator's claims against the Federal Bureau of Investigation are hereby **DISMISSED.**

Relator has also filed a Motion to Remand to State Court to which Respondents have responded in opposition. Having already found that Relator's Complaint should be dismissed, Relator's Motion to Remand is hereby **DENIED AS MOOT.**

The Clerk shall **REMOVE** Documents 7 and 8 from the Court's pending motions list. The Clerk shall enter final judgment in favor of Respondent and **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**